UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FRANZ P. SCHMID, JR, and )
MELINDA SCHMID, )
    Plaintiffs, )
)
v. ) C.A. No. 19-275-JJM-PAS
)
WELLS FARGO HOME MORTAGE, )
INC., )
    Defendant. )

ORDER

This case comes before the Court on a Motion to Dismiss for lack of personal jurisdiction (F.R.C.P. 12(b)(2)). ECF No. 7. The parties agree that there is no general jurisdiction, thus the sole question is whether there is specific jurisdiction over Defendant Wells Fargo Home Mortgage, Inc. in Rhode Island.

Franz and Melinda Schmid purchased a home in Ohio and granted a mortgage to Wells Fargo. Wells Fargo foreclosed on the property in Ohio. After the foreclosure, the Schmids moved to Rhode Island. The Schmids allege that they first received word of the wrongful foreclosure when they were in Rhode Island. "Several years later, Defendant intentionally and purposely contacted Plaintiffs, on more than one occasion, while living in the State of Rhode Island to notify Plaintiffs of the wrongful foreclosure." ECF No. 10 at 7. The Schmids submitted two letters Wells Fargo sent to them in Rhode Island: a notification letter and a follow-up letter sent two months later. *Id.* at 10-15. Wells Fargo argues that it "contacted Plaintiffs in Rhode Island to inform [the Schmids] about a calculation error that had erroneously denied them

a trial modification for the mortgage on their Ohio Property, and to pay them $15,000 in a good faith attempt to redress the error." ECF No. 12 at 3.

Plaintiffs bear the burden of proving that this Court has personal jurisdiction over Wells Fargo. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). Jurisdiction is established when the defendant has "'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 17 (1st Cir. 2019) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]he defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Id.* (quoting *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992)). To satisfy the purposeful availment test, Plaintiffs must "demonstrate that the defendant[] established a 'substantial connection' with" Rhode Island. *Id.* at 19 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "[W]hen the out-of-forum defendant has not 'manifestly . . . availed himself of the privilege of conducting business there,' it would be 'unreasonable to require [the defendant] to submit to the burdens of litigation in that forum.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

The question here is, does the mailing of two letters by Wells Fargo to the Schmids in their new home in Rhode Island constitute purposeful availment. The

First Circuit has established that "[j]urisdiction cannot be created by and does not travel with the plaintiff [ ] wherever [they go]." *Harlow v. Children's Hosp.*, 432 F.3d 50, 63 (1st Cir. 2005). The First Circuit has also held that a defendant's "awareness" of a plaintiff's state of residence, even when combined with the facts that it "mail[ed] a contract with full terms to [the plaintiff] for signature and follow[ed] up with three emails," does not make it foreseeable that the plaintiff could bring the defendant into court in that state . *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28-29 (1st Cir. 2008). Mere awareness is not enough to establish specific jurisdiction. *See id.*

Considering the above analysis, Wells Fargo did not purposely avail itself of the privilege of conducting business in Rhode Island. It merely contacted the Schmids in their new state to inform them of a correction to the foreclosure. These two letters do not establish a substantial connection between Wells Fargo, the Schmids, and Rhode Island that can satisfy the minimum contacts requirement necessary for specific jurisdiction in this instance.

The Court GRANTS Defendant Wells Fargo Home Mortgage's Motion to Dismiss for lack of personal jurisdiction. ECF No. 7.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
United States District Judge

August 5, 2019